Dear Judge Kelly:
We are in receipt of your request for an Attorney General's opinion regarding the Shreveport City Court. Your letter states that the Shreveport City Court has requested the Louisiana Supreme Court to appoint a judge pro tempore for Division D of the court pending pre-clearance by the United States Justice Department of the newly created office. Specifically, you have requested an opinion on the following:
 1. Does the Voting Rights Act of 1974, preclude or prohibit the Louisiana Supreme Court from appointing a judge pro tempore to serve in a newly created judicial seat pending pre-clearance?
 2. Is the Secretary of State of Louisiana prohibited from calling an election pending pre-clearance by the United States Justice Department?
The purpose of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, is to prohibit the enforcement in any covered jurisdiction, such as Louisiana, of any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964 until either:
 (1) A declaratory judgment is obtained from the U.S. District Court for the District of Columbia that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, or
 (2) It has been submitted to the Attorney General and the Attorney General has interposed no objection within a 60-day period following submission.
The courts have clearly expressed that Section 5 of the Voting Rights Act of 1965 applies to changes affecting the creation or abolition of an elective office. See, Bunton v. Patterson, decided with Allen v. State Board of Elections,393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); Lockhart v. United States, 460 U.S. 125, 103 S.Ct. 998, 74 L.Ed.2d 863 (1983). And the courts have recognized that judicial elections are covered by the Voting Rights Act. See, Chisom v. Edwards, 839 F.2d 1056 (5th Cir. 1988), Cert, den., 488 U.S. 955, 109 S.Ct. 390,102 L.Ed.2d 379.
Therefore, our opinion to both of your questions is yes, the Voting Rights Act precludes the Louisiana Supreme Court from appointing a judge pro tempore to serve in a newly created judicial seat pending pre-clearance, and the Secretary of State is prohibited from conducting an election pending pre-clearance by the Justice Department. The creation of a judicial position is a change with respect to voting which is covered by Section 5 of the Voting Rights Act of 1965 and is unenforceable unless and until it receives pre-clearance by the Justice Department or through a declaratory action in the U.S. District Court in the District of Columbia.
If we can be of further assistance in this matter, please contact our office.
Yours very truly,
 Richard P. Ieyoub Attorney General
 Angie Rogers LaPlace Assistant Attorney General